John Y. Detwiler, *et al.,* v. Walter L. Cooper, *et al.*

149 So. 771.

Division B.

Decision Filed January 27, 1928.

Order on Rehearing Entered April 6, 1933.

Decision on Rehearing Filed September 6, 1933.

*Stewart & Stewart,* for Appellants;

*Landis, Fish & Hull* and *Erskine W. Landis,* for Appellees.

Per Curiam.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree. It is therefore considered, ordered and adjudged by the Court that the said decree of the circuit court be and the same is hereby affirmed.

Whitfield, P. J., Buford, J., and Love, Circuit Judge, concur.

Terrell, J., disqualified.

On Rehearing.

Per Curiam.—A rehearing having been heretofore granted in this cause and the cause having been orally argued on rehearing before the Court *en banc,* and it appearing that this case still remains undisposed of on the docket and it further appearing that by reason of changes in the personnel of this Court subsequent to its last argument and submission that a re-argument of this case should

be again allowed before the Court *en banc* in order that this Court as now constituted may have the benefit of oral argument as requested by the parties on the former hearing, it is now ordered that a complete re-argument of this cause on rehearing be set to be heard before the whole Court on Friday, April 21st, 1933, at 10:00 A. M. Nothing in this order shall preclude the waiver of further oral argument by the parties if they so desire, upon giving notice to the clerk that it is desired to waive further oral argument.

Davis, C. J., and Whitfield, Ellis, Brown and Buford, J. J., concur.

Terrell, J., disqualified.

## ON REHEARING.

Barns, Circuit Judge.—This matter comes on before this Court upon an appeal from the final decree predicated upon the complainant's bill of complaint, pleas of certain defendants, to which replication was filed, and answer of the defendant, Charles G. J. Alden, master's transcript of testimony, and final decree.

The bill is one whereby the defendant in error, hereinafter referred to as the complainant, brings a bill to quiet title against the appellants hereinafter referred to as the defendants. The issue raised by the pleas denies possession of the complainant and further says neither complainant nor his predecessor have at any time been seized and possessed of said property for a period of seven years as alleged in the bill of complaint.

The transcript of record consists of some 890 pages and the briefs of the respective parties total some 380 pages, making a total of 1270 pages. The assignments or error total fifty-one in number.

The first assignment of error complains of the lower court

overruling the demurrer of the defendants to the bill. We find there is equity in the bill. Most of the other assignments of error go to the rulings of the Court upon the exceptions to the master's report, upon which ruling we find no prejudicial or reversible error except as hereinafter stated.

This is a suit to quiet title to a certain portion of the earth's surface. The defendants have complained of the decree of the lower court in fixing the south line of the Walker grant 182 feet south of the south margin line of Flagler Avenue "as actually laid out," which south line of the Walker grant would be a number of yards south of the property in question. We see no need of the Court in determining this in this case, and thererore are of the opinion that such decree to that extent goes beyond the issues as made up by the pleadings, and that that portion of the decree consisting of paragraph numbered (h) should be eliminated from said decree and the decree affirmed with this exception, as to which the lower court is directed to enter a decree eliminating said paragraph, and that costs herein be taxed against the appellants.

It is so ordered.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.